IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERTO LOPEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-09-CV-13-KC |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Petitioner Roberto Lopez's ("Lopez") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1]. Therein, Lopez challenges Respondent Rick Thaler's ("Thaler") custody of him pursuant to state-court convictions and sentences for robbery and possession of a controlled substance.[1] Lopez claims that the trial judge erred when he denied Lopez's request for a new trial attorney and that his trial and appellate counsel provided ineffective assistance. In his answer [Docket No. 6], Thaler maintains that Lopez is not entitled to relief.

On December 23, 2010, the United States Magistrate Judge to whom this matter was referred issued a report and recommendation [Docket No. 14].[2] In the report, the Magistrate Judge concluded that the Court should deny Lopez's petition. The Magistrate Judge reasoned that the trial court did not err when it denied Lopez's request for a new trial attorney because it

---

[1] *See State v. Lopez*, No 20040D00749 (346th Dist. Ct., El Paso County, Tex. Oct. 27, 2004), *aff'd, Lopez v. State*, No. 08-05-00032-CR, 2007 WL 258428 (Tex. App. – El Paso Jan. 31, 2007, pet. ref'd). *See also Ex parte Lopez*, WR-70,945-01 (Tex. Crim. App. Nov. 19, 2008).

[2] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation); 28 U.S.C.A. § 2254 Proc. R. 8(b) (West 2011) ("A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.").

had no evidence that Lopez's counsel was derelict in his performance or that Lopez would have enjoyed a better relationship with a different attorney.[3]  Further, although Lopez claims that his appointed counsel provided ineffective assistance before his trial by failing to investigate his case, because Lopez elected to represent himself at trial, he "cannot later complain that the management of his own defense amounted to ineffective assistance of counsel."[4]  Moreover, he cannot obtain relief on his claim that his attorney abandoned him during the thirty-day period for filing a motion for a new trial because "[t]he Supreme Court has not clearly established that the Sixth Amendment right to counsel exists during proceedings on a motion for a new trial." Finally, "[t]o establish deficient performance on appeal, a petitioner must show that the ignored issues were clearly stronger than the issues presented," and Lopez cannot establish that he would have prevailed on the issues that he identified to his appellate counsel, but were not included in his direct appeal.[5]

---

[3]   Report and Recommendation of the Magistrate Judge 9-10 (citing *Lowenfield v. Phelps*, 817 F.2d 285, 289 (5th Cir. 1987) ("Based upon the trial record and the testimony before the district court at the habeas hearing, we are persuaded that the adversarial process remained intact during this trial. Petitioner has not demonstrated that the trial court's denial of the motion to substitute counsel was 'unreasonable and arbitrary.'") (citation omitted).

[4]   *Id.* at 8 (citing *Feretta v. California*, 422 U.S. 806, 834 (1975) ("It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage.  And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'") (citation omitted); *United States v. Brown*, 591 F.2d 307, 311-12 (5th Cir. 1978) ("Yet, overall Brown represented himself by his own choice.  He cannot complain now that the quality of his [p]ro se defense amounted to a denial of the effective assistance of counsel.").

[5]   *Id.* at 13 (citing *Jones v. Barnes*, 463 U.S. 745, 754 (1983) ("For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.).

The Magistrate Judge gave Lopez fourteen days to file written objections to the proposed findings, conclusions, and recommendations.[6] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[7] The objections must specifically identify those findings or recommendations which the party wishes the Court to consider.[8] The Court need not, however, consider "'frivolous, conclusive, or general objections.'"[9] As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[10] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[11]

---

[6] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[7] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[8] *See* W.D. Tex. Local R., App. C, Rule 4(b) ("Assignment of Duties to United States Magistrate Judges") ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

[9] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("'[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.'") (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

[10] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[11] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition;

In his objections to the report [Docket No. 18], Lopez re-asserts his claim that the trial judge abused his discretion when he failed to appoint new counsel and suggests that the trial judge "forced" him to represent himself.[12]  He again claims that his trial counsel failed to investigate his case and that his appointed appellate counsel "abandoned" him during the thirty-day period immediately after his trial when state procedural rules would have permitted him to file a motion for a new trial.[13]  He also argues that the issues he wanted raised in his direct appeal were "clearly stronger" than the issues actually presented by his appointed appellate counsel.[14]  Finally, he maintains that his appointed appellate counsel raised issues that did not "have anything to do with [his] case."[15]

"[C]ollateral review is different from direct review,"[16] and the writ of habeas corpus is "an extraordinary remedy"[17] reserved for those petitioners whom "society has grievously wronged."[18]  It "is designed to guard against extreme malfunctions in the state criminal justice system."[19]  Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow.  "Indeed, federal courts do not sit as courts of appeal and error for state

---

receive further evidence; or return the matter to the magistrate judge with instructions.").

[12]   Objections 6 [Docket No. 18].

[13]   *Id.* at 5, 8.

[14]   *Id.* at 9.

[15]   *Id.* at 2.

[16]   *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[17]   *Id.*

[18]   *Id.* at 634.

[19]   *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

court convictions."[20]  They must generally defer to state court decisions on the merits[21] and on procedural grounds.[22]  They may not grant relief to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present.[23]  Thus, a federal court should deny a claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[24]

The court has conducted a de novo review of Lopez's objections.  After careful consideration, the Court finds that they are without merit.  The magistrate judge correctly addressed Lopez's claims in the report and concluded that Lopez had failed to establish the state courts' decisions were contrary to–or the result of an unreasonable application of–clearly established federal law, or were the result of an unreasonable determination of the facts.  Lopez's objections do not change these conclusions.  Accordingly, the Court finds that it should overrule Lopez's objections and accept the report.  Additionally, the Court finds that it should deny Lopez a certificate of appealability.

---

[20]  *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[21]  *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[22]  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[23]  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[24]  28 U.S.C.A. § 2254(d) (West 2011).

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[25]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[26]  In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[27]  Although Lopez has not yet filed a notice of appeal, the Court nonetheless must address whether he is entitled to a certificate of appealability.[28]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[29]  In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[30]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it

---

[25]   28 U.S.C.A. § 2253(c)(1)(B) (West 2011).

[26]   *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[27]   *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

[28]   *See* 28 U.S.C.A. § 2254 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[29]   28 U.S.C.A. § 2253(c)(2).

[30]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[31]  Here, Lopez is not entitled to a certificate of appealability because reasonable jurists would agree that the Court's assessments of his claims are neither debatable nor wrong. Accordingly, the Court finds that it should deny Lopez a certificate of appealability.

Therefore, after reviewing the report and the record, the Court enters the following orders:

1. The Court **OVERRULES** Petitioner Roberto Lopez's objections to the Magistrate Judge's report and recommendation [Docket No. 18].

2. The Court **ACCEPTS** the Magistrate Judge's report and recommendation [Docket No. 14].

3. The Court **DENIES** Petitioner Roberto Lopez's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] and **DISMISSES** his cause **WITH PREJUDICE**.

4. The Court **DENIES** Petitioner Roberto Lopez a **CERTIFICATE OF APPEALABILITY**.

5. The Court **DENIES** all pending motions, if any, as moot.

**SIGNED** this 20th **day of January, 2011.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[31]  *Id*.